UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAJAUN KEY,

    Plaintiff,

v.                                      Case No: 5:21-cv-379-WFJ-PRL

A.W. PHELPS, FNU JONES, FNU
LORDERO, FNU PERRY, FNU
KITCHEN, BRYAN DYER and JUAN
GARZA,

    Defendants.
_____/

**ORDER**

Plaintiff, a federal inmate, initiated this case by filing a Motion for a Temporary and Permanent Injunction. (Doc. 1). Plaintiff has not filed a civil rights complaint.

Plaintiff asserts he seeks injunctive relief because correctional officers at Coleman USP I are "unlawfully using restraints as a torture mechanism against inmates." (Doc. 1 at 3). Plaintiff claims he has been "placed in hard metal transportation restraints and pro-restraint chair 3 times" while housed at Coleman USP I; despite the Bureau of Prisons' Program Statements authorizing only ambulatory (soft) restraints. *Id*. at 3-4. Plaintiff alleges that two inmates have died because of the use of these "unlawful restraints." *Id*. at 4. Plaintiff was punched in the face by correctional officers during two of times he was held in the hard restraints. *Id*. at 5. Plaintiff asks the Court to order prison officials to stop the use of pro restraint

chair, order "that video recording of inmates be done during restrainst [sic] use and medical assessment be done from the front of the inmate at all times instead of the back to prevent unnecessary use of force," order that inmates' arms are photographed after the use of restraints, order mental health service to not allow correctional staff to place inmates in restraints instead of on suicide watch and mental health treatment. *Id*. at 7.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. The moving party must make a "clear showing" of "substantial," "actual and imminent" irreparable harm, as opposed to "a merely conjectural or hypothetical-threat of future injury." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Siegel*, 234 F.3d at 1176-77.

Plaintiff does not carry his burden. First, he fails to assert facts showing he will suffer an actual and imminent irreparable injury if an injunction does not issue. He alleges that he has been "placed in the hard restraints and pro restraint chair for disciplinary incidents for engaging in sex act of masterbation [sic]" and for disrespecting the female staff. (Doc. 1 at 4, 11). Plaintiff has failed to make a clear showing of substantial, actual, and imminent irreparable harm. Plaintiff refers to past incidents to infer that the same action may occur in the future. This future harm is too speculative and hypothetical.

Finally, the courts generally will not entertain requests for injunctive relief related to matters of prison administration. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches … not the Judicial."). Additionally, Plaintiff is essentially asking the Court to compel Defendants to comply with Bureau of Prisons' Program Statements. If granted, the injunction would be nothing more and an "obey the law" decree which is unenforceable and disfavored. *See Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1233 n. 14 (11th Cir. 2005); *Hughes v. JMS Development Corp.*, 78 F.3d 1523, 1531-32 (11th Cir. 1996); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999).

To the extent Plaintiff is attempting to raise claims regarding his conditions of confinement, such as a denial of medical care, he may file a civil rights complaint using the Court-approved form.

For the foregoing reasons, this case will be dismissed without prejudice subject to Plaintiff's rights to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for a Temporary and Permanent Injunction (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close this file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to refile his claims, he should not place this case number on the form. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

**DONE** and **ORDERED** in Tampa, Florida on September 15, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Unrepresented Parties